**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NYU LANGONE HOSPITALS,<br><br>              Plaintiff,<br><br>       v.<br><br>HEALTH CARE SERVICE CORPORATION<br>d/b/a BLUE CROSS BLUE SHIELD OF<br>TEXAS and UNITED HEALTHCARE<br>INSURANCE COMPANY,<br><br>           Defendants. | **DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>[Removed from Supreme Court of the State of New York, County of New York, Index No. 161054/2020] |

**To the Honorable Judges of the United States District Court for the Southern District of New York:**

**PLEASE TAKE NOTICE** that Defendant United Healthcare Insurance Company ("United"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1331, 1441, and 1446, hereby removes the above-captioned action, which is pending in the Supreme Court of the State of New York, County of New York (Index No. 161054/2020), to the United States District Court for the Southern District of New York on the following grounds:

**I.**     **Background, Procedural Grounds for Removal, and Notice**

     1.     Plaintiff NYU Langone Hospitals ("Plaintiff") commenced this action by filing a complaint against Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Texas ("HCSC") on December 21, 2020.

     2.     Thereafter, Plaintiff filed an amended complaint in which it added United as a defendant on November 19, 2021. The summons and amended complaint were served upon United on or after November 23, 2021. Copies of the Supplemental Summons and Amended Complaint are attached as **Compositive Exhibit A**. Copies of the Service of Process Transmittal and Affidavit of Service showing the date of service are attached as **Exhibit B**.

3.      HCSC filed its answer and affirmative defenses to the amended complaint on December 10, 2021.

4.      United has not filed an answer or otherwise responded to the amended complaint, and no proceedings have been commenced in the Supreme Court of the State of New York case.

5.      Prior to filing this Notice of Removal, United's counsel conferred with HCSC's counsel about removal of this action from the Supreme Court of the State of New York to the Southern District of New York.  HCSC's counsel consents to removal and has signed on below.

6.      United timely filed this Notice of Removal within thirty (30) days of service of the Supplemental Summons and Amended Complaint.  *See* 28 U.S.C. § 1446(b)(1).

7.      In accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, United filed a true and correct copy of this Notice of Removal with the County Clerk of New York County of the Supreme Court of New York.  United also served a copy on Plaintiff and HCSC.

## II.     Legal Grounds for Removal - Diversity Jurisdiction

8.      This is an action in which the District Courts of the United States have original jurisdiction, in particular, jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  The Plaintiff is, and is plead as, completely diverse from the Defendants.

9.      Plaintiff is a New York corporation with its principal place of business in New York and is a citizen of the State of New York.

10.     Defendant HCSC is a mutual legal reserve corporation organized under the law of the State of Illinois, has its principal place of business in Illinois, and is a citizen of the State of Illinois.  HCSC operates a division that does business as "Blue Cross Blue Shield of Texas" located in the State of Texas.

11.     United is an insurance company organized and existing under the law of the State of Connecticut with its principal place of business in Connecticut and is a citizen of the State of Connecticut.

12.     Based on the allegations in the amended complaint, the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interests and costs.

13.     Both these prongs of 28 U.S.C. § 1332(a) are met in this matter.  Therefore, removal is appropriate.

### III.    Ground for Removal - Federal Question Jurisdiction

14.     This is also an action in which the District Courts of the United States have original jurisdiction based upon a federal question pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the action arises under and is completely preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a).

15.     United issued a health and welfare plan group policy for Sheffield Scientific, LLC (the "Plan").

16.     The Plan provides that, "This Policy is governed by ERISA," and that "this Policy is purchased by the Group to provide benefits under a health and welfare plan governed by the federal [ERISA] …"

17.     The United Plan is a self-insured, "employee welfare benefit plan" as that term is defined by ERISA, 29 U.S.C. § 1002(1).  Plaintiff allegedly provided services to the spouse of a Sheffield Scientific, LLC employee and brought this action to recover benefits allegedly due under the terms of the Plan.

18.     Therefore, this action is completely preempted by ERISA, and this Court has original jurisdiction over the action because it arises under a federal statute.

**IV.**     **Reservation of Rights**

19.     This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service, and jurisdiction.  No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case.  Nothing in this Notice of Removal should be taken as an admission that the Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that the Plaintiff is entitled to or otherwise may recover any of the amounts described above.

20.     If this Court rules pleadings and other documents lack adequate information from which to ascertain the prerequisites to jurisdiction under 28 U.S.C. § 1332, the removal clock will have not begun to run, and Defendant reserves the right to remove this action at the appropriate time.  *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

**IV.**     **Conclusion**

21.     Based on the foregoing, this action is removable to federal court because there is complete diversity of citizenship between the parties and, in addition, there is federal question jurisdiction.

**WHEREFORE**, notice is hereby given that this action is removed to the United States District Court for the Southern District of New York.

Dated: New York, New York
December 17, 2021

**AKERMAN LLP**


By:  */s/ Darryl R. Graham*
    Darryl R. Graham
    Darryl.Graham@akerman.com
    N.Y. Bar No. 5543343

1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Tel: (212) 880-3800
Fax: (212) 259-7181

*Counsel for Defendant United Healthcare*
*Insurance Company*



/s/ Gary Strong
Gary Strong, Esq.
**Gfeller Laurie, LLP**
100 Overlook Center Dr., Ste. 220
Princeton, NJ 08540
(609) 375-2035
gstrong@gllawgroup.com

/s/ Kirstin B. Ives
Kirstin B. Ives, Esq.
**Falkenberg Ives LLP**
230 W. Monroe, Ste. 2220
Chicago, IL 60606
(312) 566-4803
kbi@falkenbergives.com

*Attorneys for Defendant Health Care Service*
*Corporation d/b/a Blue Cross Blue Shield of*
*Texas*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

William A. Hecht, Esq.
William A. Hecht, PC
84 Business Park Drive
Armonk, New York 10504
(914) 946-0647
william@wahwchtpc.com
*Attorney for Plaintiff NYU Langone Hospitals*


Gary Strong, Esq.
Gfeller Laurie, LLP
100 Overlook Center Dr., Ste. 220
Princeton, NJ 08540
(609) 375-2035
gstrong@gllawgroup.com

Kirstin B. Ives
Falkenberg Ives LLP
230 W. Monroe, Ste. 2220
Chicago, IL 60606
(312) 566-4803
kbi@falkenbergives.com
*Attorneys for Defendant Health Care Service*
*Corporation d/b/a Blue Cross Blue Shield of Texas*


/s/ Darryl R. Graham
Darryl R. Graham